IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEBRA A. EMRY                                                                                        PLAINTIFF

       V.                                    CIVIL NO. 2:14-cv-02069-MEF

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                            DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Debra Emry, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background**

      Plaintiff protectively filed applications for DIB and SSI on November 15, 2011, alleging disability since September 1, 2009, due to hepatitis C, rheumatoid arthritis, colitis, and anxiety. (Tr. 12, 169) For DIB purposes, Plaintiff was insured through September 1, 2009. (Tr. 14, 165) An administrative hearing was held on December 4, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 28-46)

      By a written decision dated March 22, 2013, the ALJ found Plaintiff had the following severe impairments: "rheumatoid arthritis, fibromyalgia, chronic bronchitis, and adjustment disorder." (Tr. 14) After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did

-1-

not meet or equal the level of severity of any impairment in the Listing of Impairments. (Tr. 15) The ALJ found Plaintiff residual functional capacity (RFC) to perform sedentary work except:

> she can occasionally stoop, crouch, crawl, and kneel. She cannot be exposed to extreme heat, extreme cold or respiratory irritants, such as dust, fumes, and gases. Further, she is limited to work where interpersonal contact is routine, but superficial, the complexity of tasks can be learned by experience, several variables, judgment within limits, and supervision required is little for routine tasks, detailed for non-routine tasks. (Tr. 15)

With the help of a vocational expert (VE), the ALJ determined Plaintiff could not perform her past relevant work (PRW), but Plaintiff could perform the requirements of the representative occupations of charge account clerk, direction clerk, and small parts inspector. (Tr. 21-22, 41-43) The ALJ then found Plaintiff had not been under a disability as defined by the Act during the relevant time period. (Tr. 23)

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on January 23, 2014. (Tr. 1-3) Subsequently, Plaintiff filed this action on March 28, 2014. (Doc. 1) This case is before the undersigned pursuant to the consent of the parties. (Doc. 8) Both parties have filed appeal briefs, and the case is ready for decision. (Docs. 11, 12)

**II.  Applicable Law.**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to

support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**III. Discussion**

Plaintiff argues the ALJ (1) erred in determining her subjective complaints were not fully credible and (2) did not base his RFC determination on substantial evidence. (Doc. 11, pp. 9-12)

**A.** ***Polaski* Analysis**

Plaintiff believes "the ALJ should have given more weight to [her] subjective complaints" since she alleged pain a basis for disability. (Doc 11, p. 12)

In determining a claimant's RFC, "'the ALJ must first evaluate the claimant's credibility.'" *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir. 2007) (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2002)). An ALJ is required to consider all of the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medications; and, (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (stating a court should not substitute its own credibility opinion for that of the ALJ). As the Eighth Circuit has observed, "[o]ur touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should, "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ addressed the *Polaski* factors in the written decision, but discounted Plaintiff's allegations of disabling pain. In addition to a lack of support in the medical record, the ALJ identified the following facts that weighed against Plaintiff's credibility: (1) Plaintiff testified she was applying for jobs during the relevant time period; (2) she did not take medication for her conditions; (3) she testified she had no limitations in personal care, social interactions, or managing finances and her daily activities included driving, shopping independently, housework, and socializing with friends and family; (4) she continued to smoke against medical advice; and, (5) overall her medical treatment was conservative, she did not seek treatment during the relevant time period, and her conditions were managed with medications. (Tr. 16-17, 21) These were valid reasons for discounting Plaintiff's claim of disabling pain. *See e.g., Wildman v. Astrue*, 596 F.3d 959, 968-969 (8th Cir. 2010); *see also Bentley v. Shalala*, 52 F.3d 784, 786 (8th Cir. 1995)("The absence of prescription medicine and the failure to seek medical treatment for such a long time during a claimed period of disability tends to indicate tolerable pain.").

Accordingly, the undersigned finds the ALJ's credibility determination was based on substantial evidence.

**B. RFC**

Plaintiff argues the ALJ's decision was not based on substantial evidence, but does not articulate a specific point of error. (Doc. 11, pp. 10-12) Plaintiff suggests the ALJ erred by finding she could perform light work[1] and believes the ALJ did not fully consider Dr. Sherre Moskow's report or limitations from all of her conditions. (Doc. 11, p. 10)

---

[1] As Defendant notes, Plaintiff's brief is wrong on this point. The ALJ's RFC limited Plaintiff to sedentary work with additional restrictions. (Doc. 12, pp. 7-8)

RFC is the most a person can do despite that person's limitations, and is assessed using all relevant evidence in the record. 20 C.F.R. §404.1545(a)(1). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). A claimant's RFC is a medical question, therefore, an ALJ's determination concerning a claimant's RFC must be supported by some medical evidence that addresses the claimant's ability to function in the workplace. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALJ is required to specifically set forth a claimant's limitations and to determine how those limitations affect her RFC. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

At Plaintiff's consultative examination with Dr. Sheree Moskow, a State psychiatrist, she reported her anxiety is not her main problem, although she is generally a person that worries, and her anxiety is controlled by watching her diet to prevent hypoglycemia. (Tr. 562-563) Plaintiff stated she did not always finish tasks, but estimated her ability to complete tasks within an acceptable time frame as "'in between' compared with same-age peers." (Tr. 566-567) Dr. Moskow did not express an opinion that Plaintiff had any significant limitations. She noted Plaintiff was shy and anxious, but drove locally, shopped by herself, managed her finances, had no significant limitations in self-care, and communicated well. (Tr. 562-568)

The ALJ addressed Plaintiff's daily activities, mental limitations, and Dr. Moskow's opinion in the written decision. (Tr. 16-20) As the ALJ summarized, Plaintiff testified "her activities of daily living includ[e] performing household chores when she felt it, cooking occasionally, and going to the grocery store," and she reported "she could maintain her personal care, care for animals, drive

a vehicle, go out alone, shop in stores, read, go places without reminders, perform some housework, pay bills, count change, use a checkbook, talk on the phone to family and friends every day, complete tasks, and follow spoken instructions." (Tr. 16) The ALJ concluded Plaintiff had a mild restriction in performing the activities of daily living; mild difficulties in social functioning; and, moderate difficulties in concentration persistence, or pace, which was consistent with the consulting physicians' opinions. (Tr. 19-20, 582, 604) Giving some weight to Plaintiff's testimony and alleged limitations, however, the ALJ found Plaintiff was overall more limited exertionally than the consulting physicians anticipated in their RFC assessments and restricted to sedentary work with additional limitations. (Tr. 21)

The ALJ also discussed Plaintiff's alleged limitations from rheumatoid arthritis, fibromyalgia, chronic bronchitis, and adjustment disorder. Since evidence showed these conditions were controlled with conservative medical treatment, no physician suggested restrictions, and Plaintiff had not sought recent treatment, the ALJ determined they caused no additional limitations. (Tr. 21) The ALJ's discussion of Plaintiff's non-severe conditions was sufficient, and his conclusions are supported by the record. *See Turpin v. Colvin*, 750 F.3d 989, 994 (8th Cir. 2014); *see also Trenary v. Bowen*, 898 F.2d 1361, 1364-1365 (8th Cir. 1990) (stating an ALJ inquires into the functional limitations caused by an impairment because a diagnosis by itself does not equate to disability).

Substantial evidence in the record as a whole supports the ALJ's RFC determination. Plaintiff testified her problem with housework is "some days I just don't do it" and, in response to a question about her pace, she stated, "I just don't do things sometimes." (Tr. 40) On her Function Report, she described normal daily activities, and reported she had no problems concentrating, understanding,

following instructions, or getting along with others, and stated she finishes what she starts and handles stress "as well as everyone else." (Tr. 145-152) Plaintiff testified she treated her muscle pain with an over-the-counter creme, did nothing for her anxiety or insomnia, completed chores and errands, and was currently job-searching. (Tr. 32, 37-38) These facts are not consistent with disability. *See e.g., Brown v. Astrue*, 611 F.3d 941, 955-956 (8th Cir. 2010); *see also Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994) (stating a claimant who expresses a specific plan to work suggests her pain is not disabling). She also reported to Dr. Moskow her depression was situational and her anxiety was controllable. (Tr. 562-563) Controllable conditions are not disabling. *Estes v. Barnett*, 275 F.3d 722, 725 (8th Cir. 2002).

Plaintiff's most recent medical evidence from 2011 showed she had a normal exams except for her bronchitis, her pulmonary function tests showed 95 to 97-percent oxygen saturation, and she was encouraged in April 2011 to complete physical therapy for muscle tightness and stress relief. (Tr. 489-492, 498, 500) The consulting psychiatrists, Dr. Christal Janssen and Dr. Cheryl Woodson-Johnson, opined Plaintiff could perform "all work but complex work-like activities." (Tr. 582, 589, 604) State consulting physicians, Dr. Sharon Keith and Dr. Ronald Crow, opined Plaintiff could perform light work so long as she was limited to only occasional postural activities and avoided concentrated exposure to environmental irritants. (Tr 593-599, 605) This is substantial evidence to support the ALJ's RFC determination. *See e.g., Ponder v. Colvin*, 770 F.3d 1190, 1194-96 (8th Cir. 2014).

Accordingly, the undersigned finds the ALJ's RFC determination is based on substantial evidence.

**IV. Conclusion**:

Having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's complaint should be dismissed with prejudice.

DATED this 19th day of June, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE